IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **Bradley Miller, Kayla Kilpatrick, and Blake Bumann, on behalf of themselves and all others similarly situated,**<br><br>          **Plaintiffs,**<br><br>v.<br><br>**St. Clair County Emergency Management Administration,**<br><br>          **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.**<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT**

**COME NOW** Plaintiffs Bradley Miller, Kayla Kilpatrick, and Blake Bumann (hereinafter collectively "Plaintiffs") on behalf of themselves and all others similarly situated, by and through counsel, and for their Complaint against Defendant St. Clair County Emergency Management Administration (hereinafter "St. Clair County EMA" or "Defendant") state and allege as follows:

### NATURE OF THE COMPLAINT

1. Plaintiffs bring this collective action against Defendant St. Clair County Emergency Management Administration under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs bring this collective action against Defendant, on behalf of themselves and all others similarly situated, for unpaid overtime compensation, and related penalties and damages.

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

3. Plaintiffs allege that Defendant's payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiffs seek, on behalf of themselves and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Bradley Miller is an adult resident of St. Clair County, Illinois.

6. Plaintiff Blake Bumann is an adult resident of St. Clair County, Illinois.

7. Plaintiff Kayla Kilpatrick is an adult resident of St. Clair County, Illinois.

8. Plaintiffs and prospective members of the collective are individuals currently and formerly employed by Defendant to work as full-time, hourly-paid Telecommunicators, who were denied the statutorily required overtime premium for all hours worked over forty hours in a work week, based on Defendant's common practice, policy, or scheme of improperly and automatically deducting breaks, as well as limiting the payment of overtime premiums to hours worked over eighty in a two-week pay period.

9. Defendant St. Clair County EMA is a state-government agency with its primary offices located at 110 W. Washington, Belleville, Illinois 62220.

10. As part of St. Clair County government, Defendant may be served by delivering a copy of the summons and complaint to its County Clerk Thomas Holbrook, at the County Clerk's Office, #10 Public Square, Belleville, Illinois 62220.  *See* Fed. R. Civ. P. 4(j)(2); *see also* 735 ILCS 5/2-211.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

12. Defendant is a department of a subdivision of the State of Illinois; therefore, this Court has personal jurisdiction over Defendant.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all full-time, hourly-paid Telecommunicators who are or were employed by Defendant for the period of three years prior to the commencement of this action to the present, and who are or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

15. This Complaint may be brought and maintained as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collective action members.

16. Plaintiffs, collective action members, and putative collective action members are similarly situated because they worked as full-time, hourly-paid Telecommunicators for Defendant, and they were denied the statutorily required overtime premium for all hours worked over forty hours in a work week, based to Defendant's common practice, policy, or scheme of improperly and automatically deducting breaks, as well as limiting the payment of overtime premiums to hours worked over eighty in a two-week pay period.

## FACTUAL BACKGROUND

17. Defendant St. Clair County EMA is responsible for the disaster preparedness of the unincorporated areas of the County.

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

18. Defendant's operations are directed and supervised by Director Herb Simmons.

19. Defendant employs multiple full-time Telecommunicators, including Plaintiffs and all similarly situated employees.

20. These Telecommunicators, including Plaintiffs, acted as dispatchers, managed incoming 9-1-1 calls and coordinated emergency response efforts throughout St. Clair County

21. Telecommunicators, including Plaintiffs, often worked 3 – 5 shifts per week, with each shift lasting up to 12 hours.

22. Due to these long shifts, Plaintiffs and all similarly situated Telecommunicators, regularly worked more than forty hours in a workweek.

23. Defendant paid Telecommunicators, including Plaintiffs, on an hourly basis.

24. Defendant did not pay Telecommunicators, including Plaintiffs, an overtime premium for their hours worked over forty in a workweek.

25. Instead, Defendant pays Telecommunicators, including Plaintiffs, an overtime premium for their hours worked over eighty in a two-week pay period.

26. Due to staff shortages, Plaintiffs and similarly situated Telecommunicators are often too busy to take a meal break or step away from their desks.

27. Telecommunicators, including Plaintiffs, were often unable to actually take a break, but St. Clair County EMA automatically deducts a half-hour break from their compensable hours worked.

28. St. Clair County EMA required Telecommunicators, including Plaintiffs, to request a correction when a half-hour is automatically deducted from their hours worked for a break that they did not take.

29. On numerous occasions, when Telecommunicators, including Plaintiffs, made these requests, St. Clair County EMA refused to correct the automatic deduction.

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

**Plaintiff Bradley Miller**

30. Since approximately August, 2016, Plaintiff Bradley Miller has worked for St. Clair County EMA as a Telecommunicator.

31. St. Clair County EMA pays Mr. Miller an hourly rate of approximately $27.31.

32. As a Telecommunicator, Mr. Miller works a rotating shift schedule: Mr. Miller works four 12-hour shifts in one week for a total of approximately 48 hours. Then, Mr. Miller works three 12-hour shifts the following week for a total of approximately 36 hours.

33. St. Clair County EMA does not pay Mr. Miller an overtime premium when he works more than 40 hours in a workweek.

34. St. Clair County EMA only pays Mr. Miller an overtime premium when he works more than 80 hours in a two-week pay period.

35. During his 12-hour shifts, Mr. Miller is frequently unable to step away from his desk or take a meal break.

36. St. Clair County EMA automatically deducts a half-hour break from Mr. Miller's pay, even when he does not take a break.

**Plaintiff Blake Bumann**

37. Since approximately October 2019, Plaintiff Blake Bumann has worked for St. Clair County EMA as a Telecommunicator.

38. St. Clair County EMA pays Mr. Bumann an hourly rate of approximately $28.19.

39. As a Telecommunicator, Mr. Bumann typically works a rotating shift schedule: Mr. Bumann works at least four 12-hour shifts in one week for a total of approximately 48 hours. Then, Mr. Bumann works three 12-hour shifts the following week for a total of approximately 36 hours.

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

40. In addition to his scheduled shifts, Mr. Bumann typically works an additional 10-20 hours of overtime each week because he is required to cover shifts for absent employees or stay longer than his designated shift.

41. St. Clair County EMA does not pay Mr. Bumann an overtime premium when he works more than 40 hours in a workweek.

42. St. Clair County EMA only pays Mr. Bumann an overtime premium when he works more than 80 hours in a two-week pay period.

43. In 2019, Mr. Bumann questioned his supervisor Bryan Whitaker about St. Clair County EMA's pay scheme and its failure to pay overtime based on 40 hour workweeks.

44. At that time, Mr. Whitaker dismissed Mr. Bumann's concerns and told him: "that's the way we do it."

45. On numerous occasions, St. Clair County EMA automatically deducted a half-hour from Mr. Bumann's hours worked for a break he did not actually take.

46. When St. Clair County EMA made these automatic half-hour deductions, Mr. Bumann contacted his supervisor Bryan Whitaker to request a correction.

47. Despite Mr. Bumann's requests, Mr. Whitaker frequently failed to correct the automatic deduction.

**Plaintiff Kayla Kilpatrick**

48. Since approximately August 2017, Plaintiff Kayla Kilpatrick has worked for St. Clair County EMA as a Telecommunicator.

49. St. Clair County EMA pays Ms. Kilpatrick an hourly rate of approximately $27.84.

50. As a Telecommunicator, Ms. Kilpatrick regularly works between three and five 12-hour shifts per week.

51. St. Clair County EMA does not pay Ms. Kilpatrick an overtime premium when she works

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

more than 40 hours in a workweek.

52. St. Clair County EMA only pays Ms. Kilpatrick an overtime premium when she works more than 80 hours in a two-week pay period.

### COUNT I--VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

53. Plaintiffs reallege and incorporate all allegations above as if actually set forth herein.

54. At all relevant times, Defendant, as a "public agency," was an "employer" within the definition and coverage of the FLSA, 29 U.S.C. § 203

55. At all relevant times, Defendant "employed" Plaintiffs and all other similarly situated employees, within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

56. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

57. At all relevant times, Plaintiffs and all similarly situated employees were non-exempt, paid on an hourly basis, pursuant to the FLSA, 29 U.S.C. § 213.

58. During the relevant period, Plaintiffs and all similarly situated employees, regularly worked more than forty hours in a workweek.

59. During the relevant period, Defendant willfully failed to pay Plaintiffs and all similarly situated employees an overtime premium for their hours worked over forty in a given workweek.

60. During the relevant period, Defendants only paid Plaintiffs, and all similarly situated employees, an overtime premium for their hours worked over eighty in a given pay period.

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

61. Throughout the relevant period, Defendant automatically deducted a half-hour from Plaintiffs and similarly situated employees' hours worked, even when they had not been able to take a half-hour break.

62. On numerous occasions, when Plaintiffs requested that Defendant correct these inaccurate deductions, Defendant refused or failed to do so.

63. As a result of Defendant's improper deductions and failure to compensate Plaintiffs and all similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).

64. Throughout the relevant period, Plaintiffs repeatedly questioned and complained about Defendant's refusal to correct improper deductions and failure to pay overtime for hours worked over forty in a work week.

65. For example, in 2019, Plaintiff Blake Bumann questioned and complained to his supervisor about Defendant's illegal pay scheme and its failure to pay appropriate overtime.

66. These supervisors dismissed Mr. Bumann's complaints and did not correct the illegal pay scheme.

67. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

68. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs Bradley Miller, Kayla Kilpatrick, Blake Bumann, and employees similarly situated to them pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of themselves as Representative Plaintiffs of the collective in this FLSA representative action;

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

 s/ Philip E. Oliphant                .
Philip E. Oliphant, TN Bar No. 025990
Edward Rolwes, IL Bar No. 06191483
Hannah Strong, TN Bar No. 039551
THE CRONE LAW FIRM, PLC
88 Union Avenue, Suite 1400
Memphis, TN 38103
901.737.7740 (voice)
901.474.7926 (fax)
Poliphant@cronelawfirmplc.com
erolwes@cronelawfirmplc.com
hstrong@cronelawfirmplc.com

*Attorneys for Plaintiffs-Pending Pro Hac Vice*

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

## DECLARATION AND VERIFICATION

    I, **Bradley Miller**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____

**Bradley Miller**

Date: 07 / 25 / 2023

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

## **DECLARATION AND VERIFICATION**

    I, **Kayla Kilpatrick**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*[signature: Kayla]*

**Kayla Kilpatrick**

Date: 07 / 26 / 2023

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

## **DECLARATION AND VERIFICATION**

    I, **Blake Bumann**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____

**Blake Bumann**

Date: 07 / 25 / 2023

Doc ID: dbe9d89402f44a23ffed11c00f9dd89f081e933f

                                                                  Audit trail

| | |
|---|---|
| Title | For Signature: Dispatchers v. St. Clair County - Collective... |
| File name | 07.25.2023 - St. ...ive Complaint.pdf |
| Document ID | dbe9d89402f44a23ffed11c00f9dd89f081e933f |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT**  
**07 / 25 / 2023**  
15:03:31 UTC-5  

Sent for signature to Bradley Miller (bradleymiller13@yahoo.com), Blake Bumann (blakebumann@gmail.com) and Kayla Kilpatrick (kilpatrickk421@gmail.com) from jlc@cronelawfirmplc.com  
IP: 173.166.195.225

**VIEWED**  
**07 / 25 / 2023**  
15:13:02 UTC-5  

Viewed by Blake Bumann (blakebumann@gmail.com)  
IP: 75.132.234.120

**SIGNED**  
**07 / 25 / 2023**  
15:16:39 UTC-5  

Signed by Blake Bumann (blakebumann@gmail.com)  
IP: 75.132.234.120

**VIEWED**  
**07 / 25 / 2023**  
15:16:57 UTC-5  

Viewed by Bradley Miller (bradleymiller13@yahoo.com)  
IP: 35.144.0.125

**SIGNED**  
**07 / 25 / 2023**  
15:21:13 UTC-5  

Signed by Bradley Miller (bradleymiller13@yahoo.com)  
IP: 35.144.0.125

Powered by Dropbox Sign

**Dropbox Sign**                                                                 Audit trail

| | |
|---|---|
| Title | For Signature: Dispatchers v. St. Clair County - Collective... |
| File name | 07.25.2023 - St. ...ive Complaint.pdf |
| Document ID | dbe9d89402f44a23ffed11c00f9dd89f081e933f |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

| | | |
|---|---|---|
| VIEWED | **07 / 26 / 2023**<br>09:48:27 UTC-5 | Viewed by Kayla Kilpatrick (kilpatrickk421@gmail.com)<br>IP: 166.196.110.49 |
| SIGNED | **07 / 26 / 2023**<br>09:49:02 UTC-5 | Signed by Kayla Kilpatrick (kilpatrickk421@gmail.com)<br>IP: 166.196.110.49 |
| COMPLETED | **07 / 26 / 2023**<br>09:49:02 UTC-5 | The document has been completed. |

Powered by **Dropbox Sign**