IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY MILLER, KAYLA** | ) | |
| **KILPATRICK** and **BLAKE BUMANN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-02597-JPG |
| | ) | |
| **ST. CLAIR COUNTY EMERGENCY** | ) | |
| **MANAGEMENT ADMINISTRATION**, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT AND MEMORANDUM IN SUPPORT THEREOF

Comes now Defendant, **St. Clair County Emergency Management Administration**, by and through its attorneys, **Becker, Hoerner & Ysursa, P.C.**, and, and for its Motion to Dismiss Plaintiffs' Amended Complaint or, Alternatively, Motion for More Definite Statement and Memorandum in Support Thereof, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 12(e), and Local Rule 7.1(c), states as follows:

### BACKGROUND[1]

On July 27, 2023, Plaintiffs filed their two-count Amended Complaint in the above-captioned matter, asserting claims against Defendant relating to alleged unpaid overtime premium pay in violation of the Federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, in Count I and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*, in Count II.  Essentially, Plaintiffs' Amended Complaint contends that Defendant violated § 207(a)(1) of the FLSA and § 4a of the IMWL as follows:

---

[1] In addition to factual allegations contained in Plaintiffs' Amended Complaint, Defendant cites facts contained in documents of which this Court may take judicial notice as public records

- "During the relevant period, Defendant willfully failed to pay Plaintiffs and all similarly situated employees an overtime premium for their hours worked over forty in a given workweek" (see Doc. 5, ¶ 61) – instead, "[d]uring the relevant period, Defendants only paid Plaintiffs, and all similarly situated employees, an overtime premium for hours worked over eighty in a given pay period" (see Doc. 5, ¶ 62); and

- "Throughout the relevant period, Defendant automatically deducted a half-hour from Plaintiffs and similarly situated employees' hours worked, even when they had not been able to take a half-hour break" (see Doc. 5, ¶ 63), and "[o]n numerous occasions, when Plaintiffs requested that Defendant correct these inaccurate deductions, Defendant refused or failed to do so" (see Doc. 5, ¶ 64)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a claim over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  A defendant makes a facial attack on subject-matter jurisdiction when it asserts that the plaintiff's allegations, taken as true, don't support an inference that subject-matter jurisdiction exists. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020).  Facial challenges require a court to "look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction" whereas factual challenges refute the existence of jurisdiction notwithstanding a complaint's allegations. *Apex Digital, Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). For factual challenges, a court may look beyond a complaint's allegations and, if a defendant presents evidence that calls into question a court's jurisdiction, then the "presumption of

and/or government documents. See, e.g., *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 930 n. 2 (S. D. Ill. 2006).

correctness that we accord to a complaint's allegations falls away," and plaintiff bears the burden to present evidence that a court has subject-matter jurisdiction. *Id.* (quoting *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)).

Meanwhile, under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is only satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  A claim will survive dismissal under Rule 12(b)(6) only if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.  Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.  Again, the complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5, 127 S. Ct. at 1965.  A court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Archer v. Chisolm,* 870 F.3d 603, 612 (7th Cir. 2017*).*  Thus, in order to survive, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Thus, a plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins v. Silverstein,* 939 F.2d 463, 466-67 (7th Cir. 1991). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678. Instead, "the pleader must show through the allegations that it is plausible, rather than merely speculative, that he is entitled to relief." *INEOS Polymers, Inc. v. BASF Catalysts,* 553 F.3d 491, 497 (7th Cir. 2009) (citations and quotations omitted).

Ordinarily, when considering a Rule 12(b)(6) motion to dismiss, the Court may not consider matters outside the pleadings unless it converts the motion to a motion for summary judgment. See Fed. R. Civ. P. 12(d). There is an exception to this rule, however, when the additional material is something of which the Court may take judicial notice. See *Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The Court may take judicial notice of public records, such as administrative agency decisions and collective bargaining agreements with local governments.  See *Opoka v. I.N.S.*, 94 F.3d 392, 394 (7th Cir. 1996) (taking judicial notice of relevant decision of administrative agency); see *Minch v. City of Chicago*, 486 F.3d 294, 300, n.3 (7th Cir. 2007) (taking judicial notice of a collective bargaining agreement formally adopted by the a local government).  The court may take judicial notice of such a public record without converting a motion to dismiss to a motion for summary judgment. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir.

1998) ("Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper."). Simply put, the fact that a party attaches evidentiary materials outside the pleadings does not convert a motion to dismiss to a summary judgment motion. *Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002). Furthermore, it is within the court's discretion to handle this motion as a straightforward motion to dismiss, especially where early resolution of an issue would streamline the case. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

Meanwhile, Federal Rule of Civil Procedure 12(e) states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement under Rule 12(e) are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 513–14, 122 S. Ct. 992 (2002).

Finally, Federal Rule of Civil Procedure 12(e) states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement under Rule 12(e) are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 513–14, 122 S. Ct. 992 (2002).

**ARGUMENT**

**I.      Plaintiffs' Amended Complaint should be dismissed with prejudice for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) because the named Defendant is not a separate legal entity with the capacity to be sued.**

While mistakenly identifying a non-existent "St. Clair County Emergency Management Administration" as the sole Defendant in this matter, Plaintiffs' Amended Complaint is apparently directed at the St. Clair County Emergency Management Agency, a department within the County of St. Clair. (www.co.st-clair.il.us/departments/emergency-management-agency)[2].    Indeed, Plaintiffs' Amended Complaint expressly alleges that "Defendant is a department of a subdivision of the state of Illinois". (Doc. 5, ¶ 14).  However, the law of the state in which the district court sits governs the capacity of a governmental entity to sue or to be sued (Fed. R. Civ. P. 17(b); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)), and subdivisions of Illinois counties, such as county departments, are generally not considered to be separate legal entities, and therefore cannot be sued. *Ryder v. Cook County Department of Public Health*, 2023 WL 2745679 (N. D. Ill. 2023), citing *Khan v. Cook County Department of Highways*, Case No. 93 C 1375, 1994 WL 523703 at *2, 1994 U.S. Dist. LEXIS 13481 at *4, (N.D. Ill. Sep. 15, 1994) (citing *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979)). Rather, under Section 5-1001 of the Illinois Counties Code, the County of St. Clair is a "body politic and corporate" that "may sue and be sued, plead and may be impleaded, defend and be defended against in any court having jurisdiction of the subject-matter." 55 ILCS 5/5-1001. Therefore, because, "[b]y definition, a claim against an entity that cannot be sued fails to state a

---

[2] The Court may take judicial notice of information from government websites. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); *Laborer's Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002); Fed. R. Evid. 201(b).

claim" (*Wilkins vs. St. Joseph County*, 2016 WL 1460323 (N.D. Ind. 2016))[3], Plaintiffs'
Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil
Procedure 12(b)(6).

## II.    Alternatively, Count I of Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted under §207 of the FLSA, and/or Plaintiffs should be required to provide a more definite statement.

Count I of Plaintiffs' Amended Complaint is expressly based on the allegation that "[t]he
FLSA requires each covered employer, including Defendant, to compensate all non-exempt
employees at a rate of not less than one and one-half the regular rate of pay for work performed
in excess of forty hours in a work week", citing §207(a)(1) of the FLSA, which provides that
"[e]xcept as otherwise provided in this section, no employer shall employ any of his employees
who in any workweek is engaged in commerce or in the production of goods for commerce, or is
employed in an enterprise engaged in commerce or in the production of goods for commerce, for
a workweek longer than forty hours unless such employee receives compensation for his
employment in excess of the hours above specified at a rate not less than one and one-half times
the regular rate at which he is employed." 29 U.S.C. §207(a)(1).  However, Count I of Plaintiffs'
Amended Complaint fails to acknowledge that §207(b)(1), (2) otherwise provides a different
requirement for employment pursuant to a collective bargaining agreement:

---

[3] As set forth in *Leibovitch v. Islamic Republican of Iran, et al.*, 188 F.Supp.3d 734 (N. D. Ill. 2016): "The ability to sue or be sued pertains to a party's *capacity*, as outlined in Federal Rule of Civil Procedure 17(b). This is not the same as personal jurisdiction. 'Capacity to sue or be sued does *not* mean a defendant's amenability to suit in a particular judicial district, which is a matter of the existence or nonexistence of personal jurisdiction over a defendant there.' *LaSalle Nat'l Bank v. Kearon*, No. 98 C 5099, 1998 WL 901685, at *1 (N.D.Ill. Dec. 17, 1998) (internal quotation marks omitted): *see also Swaim v. Moltan Co.*, 73 F.3d 711, 716–18 (7th Cir.1996) (noting distinctions between lack of capacity and personal jurisdiction defenses)." Nevertheless, if this Court considers capacity to be sued to relate to personal jurisdiction, Defendant invokes Federal Rule of Civil Procedure 12(b)(2) as part of this dismissal motion to the extent necessary under Federal Rule of Civil Procedure 12(b)(h).

"(b) No employer shall be deemed to have violated subsection (a) by employing any employee for a workweek in excess of that specified in such subsection without paying the compensation for overtime employment prescribed therein if such employee is so employed—

(1) in pursuance of an agreement, made as a result of collective bargaining by representatives of employees certified as bona fide by the National Labor Relations Board, which provides that no employee shall be employed more than one thousand and forty hours during any period of twenty-six consecutive weeks; or

(2) in pursuance of an agreement, made as a result of collective bargaining by representatives of employees certified as bona fide by the National Labor Relations Board, which provides that during a specified period of fifty-two consecutive weeks the employee shall be employed not more than two thousand two hundred and forty hours and shall be guaranteed not less than one thousand eight hundred and forty-hours (or not less than forty-six weeks at the normal number of hours worked per week, but not less than thirty hours per week) and not more than two thousand and eighty hours of employment for which he shall receive compensation for all hours guaranteed or worked at rates not less than those applicable under the agreement to the work performed and for all hours in excess of the guaranty which are also in excess of the maximum workweek applicable to such employee under subsection (a) or two thousand and eighty in such period at rates not less than one and one-half times the regular rate at which he is employed;…" 29 U. S. C. §207(b)(1), (2).

Notably, as full-time telecommunicators, Plaintiffs are members of a bargaining unit exclusively represented by the Illinois Fraternal Order of Police Labor Council. Indeed, on January 30, 2006, the Illinois Labor Relations Board (ILRB) issued a Certification of Representative in ILRB Case No. S-RC-06-086, specifically certifying the Illinois Fraternal Order of Policy Labor Council as the exclusive representative, for the purpose of collective bargaining with respect to rates of pay, wages, hours of employment, or other conditions of employment, of the bargaining unit including "[a]ll full-time telecommunicators and calltakers employed by the County of St. Clair (CENCOM)." (See Exhibit A). On December 20, 2006, the National Labor Relations Board (NLRB) issued a Certification of Representative as Bona Fide Under Section 7(b) of the Fair Labor Standards Act of 1938, specifically certifying the Illinois

Fraternal Order of Police Labor Council as a bona fide representative of the employees of the County of St. Clair (CENCOM) in the unit including "[a]ll full-time telecommunicators and calltakers employed by the County of St. Clair (CENCOM)." (See Exhibit B).  During the "three (3) years prior to commencement of this action to the present" as referenced in ¶ 16 of Plaintiffs' Amended Complaint, the County of St. Clair and the Illinois Fraternal Order of Police Labor Council were parties to a 2019-2021 Collective Bargaining Agreement (see Exhibit C) and a 2022-2024 Collective Bargaining Agreement (see Exhibit D), pertinently providing as follows concerning the work period for bargaining unit members:

**ARTICLE 4 - HOURS AND OVERTIME**

**Section 4.01 - Work Period**

Hours of Work: The Employer and Union agree that the Employer shall retain the right to establish the scheduled workday. At no time will an employee be regularly scheduled to work consecutive shifts. The Employer may not split an employee's shift.

The normal work period for employees covered by this Agreement shall be defined as eighty (80) hours in a fourteen (14) day work period beginning on a Sunday, for those employees working twelve (12) hour shifts, and forty (40) hours per week, starting on Sunday for those employees working an eight (8) hour shift.

The Employer shall retain the right to make a change in the scheduling during the term of this Agreement with sixty (60) days notice to the Union and the employees, however, the sixty (60) days notice does not apply to manpower issues or needs to temporarily fill shift.

Overtime compensation shall be given in accordance with the Fair Labor Standards Act. Hours worked in excess of the above defined work periods shall be compensated at the premium compensation rate.

The Employer will allow employees to trade shifts within the same pay period where practicable, as long as prior notice is provided as per current practice."

Clearly, concerning Plaintiffs' initial contention, because "[t]he normal work period for employees covered by this Agreement shall be defined as eighty (80) hours in a fourteen (14)

day work period beginning on a Sunday, for those employees working twelve (12) hour shifts" under Section 4.01 of the Collective Bargaining Agreements was "made as a result of collective bargaining by representatives of employees certified as bona fide by the National Labor Relations Board" within the meaning of § 207(b) of the FLSA, Defendant cannot be deemed to have violated § 207(a)(1) of the FLSA. Therefore, such contention fails to state a claim upon which relief can be granted.

Similarly, Plaintiffs' latter contention fails to state a claim upon which relief can be granted. Indeed, same consists of only conclusory allegations that are both speculative and insufficient to satisfy notice-pleading requirements as lacking identification of who "deducted a half-hour from Plaintiffs and similarly situated employees' hours worked, even when they had not been able to take a half-hour break", and when, and who and when "Plaintiffs requested that Defendant correct these inaccurate deductions". See *Karnes v. Bank of Whittington/Whittington Bancorp, Inc.*, 2021 WL 1208900 (S. D. Ill. 2021) (Under the notice-pleading requirements of Federal Rule of Civil Procedure 8, "[a] successful claim tends to explain the who, what, when, where, why and how of each alleged violation.").

Therefore, Count I of Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted under §207 of the FLSA or, if the Court finds that Plaintiffs have properly stated a claim, Plaintiffs should still be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e).

**III.    Alternatively, Count II of Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiffs failed to exhaust contractual remedies set forth in the applicable Collective Bargaining Agreement.**

Again, Count II of Plaintiffs' Amended Complaint is based upon a claimed violation of § 4a(1) of the IMWL related to alleged unpaid overtime premium pay. As set forth in Section II

above, Plaintiffs are members of a bargaining unit exclusively represented by the Illinois Fraternal Order of Police Labor Council and, as such, are subject to a 2022-2024 Collective Bargaining Agreement pertinently providing for the payment of wages, including overtime, as well as a grievance and arbitration procedure for disputes arising from such Collective Bargaining Agreement (see Exhibit D).  However, Plaintiffs did not exhaust such grievance and arbitration procedures for their claims.

Under Illinois law, when a plaintiff's wage claim arises from a collective bargaining agreement, the plaintiff must first exhaust the grievance procedure before bringing suit in court under state law. *Kostecki v. Dominick's Finer Foods, Inc. of Illinois,* 361 Ill.App.3d 362, 370, 836 N.E.2d 837 (1st Dist. 2005).  Similar to the present case, *Kostecki* involved alleged violations of § 4a of the IMWL, and the court affirmed dismissal of such claims, holding that, "[w]here a collective bargaining agreement adequately addresses an aspect of employee compensation or other working conditions, a state statute will defer to the collective bargaining agreement's grievance procedures." *Id.*, citing *Gelb v. Air Con Refrigeration & Heating, Inc.,* 356 Ill.App.3d 686, 826 N.E.2d 391 (1st Dist. 2005).  In other words, when a plaintiff's wage claim is based upon a collective bargaining agreement, plaintiff must exhaust contractual remedies under the grievance procedure set forth in that collective bargaining agreement. See *Glasper v. Scrub, Inc.,* 2021 IL App (1st) 200764 (1st Dist. 2021).  Therefore, because Plaintiffs failed to exhaust the contractual remedies set forth in the applicable Collective Bargaining Agreement, Count II of Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

IV.     **Alternatively, Count II of Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted under § 4a of the IMWL and/or Plaintiffs should be required to provide a more definite statement.**

Count II of Plaintiffs' Amended Complaint is expressly based on the allegation that "[t]he IMWL requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week", citing § 4a(1) of the IMWL, which provides that, "[e]xcept as otherwise provided in this Section, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a(1).  However, Count II of Plaintiffs' Amended Complaint fails to acknowledge that § 4a(2)(J) otherwise provides a different requirement for employment pursuant to a collective bargaining agreement:

"(2) The provisions of subsection (1) of this Section are not applicable to:

* * *

J. Any employee who is a member of a bargaining unit recognized by the Illinois Labor Relations Board and whose union has contractually agreed to an alternate shift schedule as allowed by subsection (b) of Section 7 of the Fair Labor Standards Act of 1938." 820 ILCS 105/4a(2)(J).

Notably, as full-time telecommunicators, Plaintiffs are members of a bargaining unit exclusively represented by the Illinois Fraternal Order of Police Labor Council.  Indeed, on January 30, 2006, the ILRB issued a Certification of Representative in ILRB Case No. S-RC-06-086, specifically certifying the Illinois Fraternal Order of Policy Labor Council as the exclusive representative, for the purpose of collective bargaining with respect to rates of pay, wages, hours of employment, or other conditions of employment, of the bargaining unit including "[a]ll full-time telecommunicators and calltakers employed by the County of St. Clair (CENCOM)." (See

Exhibit A).  On December 20, 2006, the NLRB issued a Certification of Representative as Bona

Fide Under Section 7(b) of the Fair Labor Standards Act of 1938, specifically certifying the

Illinois Fraternal Order of Police Labor Council as a bona fide representative of the employees of

the County of St. Clair (CENCOM) in the unit including "[a]ll full-time telecommunicators and

calltakers employed by the County of St. Clair (CENCOM)." (See Exhibit B).  During the "three

(3) years prior to commencement of this action to the present" as referenced in ¶ 16 of Plaintiffs'

Amended Complaint, the County of St. Clair and the Illinois Fraternal Order of Police Labor

Council were parties to a 2019-2021 Collective Bargaining Agreement (see Exhibit C) and a

2022-2024 Collective Bargaining Agreement (see Exhibit D), pertinently providing as follows

concerning the work period for bargaining unit members:

## ARTICLE 4 - HOURS AND OVERTIME

### Section 4.01 - Work Period

Hours of Work: The Employer and Union agree that the Employer shall retain the right to establish the scheduled workday. At no time will an employee be regularly scheduled to work consecutive shifts. The Employer may not split an employee's shift.

The normal work period for employees covered by this Agreement shall be defined as eighty (80) hours in a fourteen (14) day work period beginning on a Sunday, for those employees working twelve (12) hour shifts, and forty (40) hours per week, starting on Sunday for those employees working an eight (8) hour shift.

The Employer shall retain the right to make a change in the scheduling during the term of this Agreement with sixty (60) days notice to the Union and the employees, however, the sixty (60) days notice does not apply to manpower issues or needs to temporarily fill shift.

Overtime compensation shall be given in accordance with the Fair Labor Standards Act. Hours worked in excess of the above defined work periods shall be compensated at the premium compensation rate.

The Employer will allow employees to trade shifts within the same pay period where practicable, as long as prior notice is provided as per current practice."

Clearly, because Plaintiffs are "member[s] of a bargaining unit recognized by the Illinois Labor Relations Board and whose union has contractually agreed to an alternate shift schedule as allowed by subsection (b) of Section 7 of the Fair Labor Standards Act of 1938" within the meaning of § 4a(2)(J) of the IMWL, Defendant cannot be deemed to have violated § 4a(1) of the IMWL.  Therefore, such contention fails to state a claim upon which relief can be granted.

Similarly, Plaintiffs' latter contention fails to state a claim upon which relief can be granted.  Indeed, same consists of only conclusory allegations that are both speculative and insufficient to satisfy notice-pleading requirements as lacking identification of who "deducted a half-hour from Plaintiffs and similarly situated employees' hours worked, even when they had not been able to take a half-hour break", and when, and who and when "Plaintiffs requested that Defendant correct these inaccurate deductions".  See *Karnes v. Bank of Whittington/Whittington Bancorp, Inc.*, 2021 WL 1208900 (S. D. Ill. 2021) (Under the notice-pleading requirements of Federal Rule of Civil Procedure 8, "[a] successful claim tends to explain the who, what, when, where, why and how of each alleged violation.").

Therefore, Count II of Plaintiffs' Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted under § 4a of the IMWL or, if the Court finds that Plaintiffs have properly stated a claim, Plaintiffs should still be required to provide a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e).

## CONCLUSION

WHEREFORE, Defendant, **St. Clair County Emergency Management Administration**, respectfully request that this Court dismiss Plaintiffs' Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and/or 12(b)(6), and/or require

Plaintiffs to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and order such other relief as this Court deems just and proper.

                                        **BECKER, HOERNER & YSURSA, P.C.**

                                        By:   s/ *Garrett P. Hoerner*
                                              **Garrett P. Hoerner**
                                              No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
Phone: (618) 235-0020
E-Mail: gph@bhylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY MILLER, KAYLA** | ) | |
| **KILPATRICK** and **BLAKE BUMANN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:23-cv-02597-JPG |
| | ) | |
| **ST. CLAIR COUNTY EMERGENCY** | ) | |
| **MANAGEMENT ADMINISTRATION**, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2023, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

BECKER, HOERNER & YSURSA, P.C.

By:  s/ *Garrett P. Hoerner*

**Garrett P. Hoerner**
No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
Phone: (618) 235-0020
E-Mail: gph@bhylaw.com