IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **Bradley Miller, Kayla Kilpatrick,** )<br>**and Blake Bumann** )<br>*on behalf of themselves* )<br>*and all others similarly situated,* )<br> )<br>         Plaintiffs, )<br> )<br>v. )<br> )<br> ) | Case No.   3:23-cv-02597-JPG |
| **St. Clair County Emergency Management** )<br>**Administration,** )<br> )<br>         Defendant. ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM IN SUPPORT**

**COME NOW** Plaintiffs Bradley Miller, Kayla Kilpatrick, and Blake Bumann (hereinafter collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, and move this Honorable Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to grant Plaintiffs leave to file their *Proposed* Second Amended Complaint against Defendant in the form attached hereto as "Exhibit A."

In support of this motion, Plaintiffs rely upon the pleadings on file in this action and Plaintiffs would show unto the Court as follows:

**FACTUAL AND PROCEDURAL SUMMARY**

Plaintiffs work as full-time Telecommunicators for the Emergency Management Agency of St. Clair County, Illinois. As Telecommunicators, Plaintiffs regularly work long shifts managing 9-1-1 calls and coordinating emergency responses throughout St. Clair County. St. Clair County

1

does not pay Plaintiffs an overtime premium for their hours worked over forty in a workweek. Instead, St. Clair County only pays Plaintiffs an overtime premium for their hours worked over eighty in a two-week pay period. Despite Plaintiffs' complaints to members of St. Clair County's human resources department and management about this practice, St. Clair County has refused to correct the failure to pay overtime.

On July 26, 2023, Plaintiffs filed their complaint against Defendant for violations of the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (ECF No. 1.) On July 27, 2023, Plaintiffs filed their amended complaint against Defendant for the same violations of the of the FLSA and additional violations of the overtime wage provisions of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a. (ECF No. 5.) On October 20, 2023, Defendant filed its Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 25.)

## ARGUMENT

The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. §§206, 207. The IMWL similarly requires covered employers to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours in a work week. 820 ILCS 105/4a (1).

Illinois law indicates that Illinois County subdivisions or agencies are not separate legal entities and cannot be singled out for litigation. *See Ryder v. Cook Cty. Dep't of Pub. Health*, No. 22 CV 626, 2023 U.S. Dist. LEXIS 56436, at *7 (N.D. Ill. Mar. 31, 2023). Under Illinois

state law, suits for the violations committed by these subdivisions are properly aimed at the County to which such subdivisions or agencies belong. *See* 55 ILCS 5/5-1001. In this matter, Plaintiffs' complaint and amended complaint name St. Clair County Emergency Management Administration as Defendant. But St. Clair County Emergency Management Administration is actually named "St. Clair County Emergency Management *Agency*." As an Agency, it is a subdivision of St. Clair County and not properly subject to suit. Plaintiffs, therefore, would like to amend their complaint and correctly identify St. Clair County as the named defendant.

The Federal Rules of Civil Procedure instructs that leave to file an amended complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The U.S. Supreme Court has further explained that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Seventh Circuit has also adopted a permissive stance on such amendments: "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." A*bu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

No such prejudice exists here, and all other factors for consideration weigh in favor of allowing Plaintiffs leave to file a Second Amended Complaint. Plaintiffs are not making any new allegations. The state and federal cause of action remains the same: failure to pay Plaintiffs appropriate overtime pay in violation of the FLSA and IMWL. The proposed Amended Complaint merely clarifies the identity of the Defendant in this action, St. Clair County.

Revising the amended complaint as proposed, at this preliminary stage of the litigation, is not reflective of undue delay, bad faith or dilatory motive. It arises entirely out of a recognition that the original and amended versions of the Complaint incorrectly named the Defendant as St.

Clair County Emergency Management Administration. This misidentification was intended to promote clarity by specifically identifying which specific subdivision Plaintiffs worked for. Plaintiffs' proposed amendment requires no extension of any deadlines. Finally, Plaintiffs' proposed amendment is certainly not futile. The proposed amended will provide clarity and resolve some of the concerns raised in Defendant's pending Motion to Dismiss.

    Respectfully submitted,

/s/ *Philip Oliphant*
Philip Oliphant, TN Bar No.025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, Suite 1400
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
poliphant@cronelawfirmplc.com

*Attorney for Plaintiff- Admitted Pro Hac Vice*

5

## CERTIFICATE OF CONSULTATION

      I, the undersigned, certify that I conferred with counsel for Defendant, Garrett P. Hoerner, via electronic mail on the 17th of November 2023, regarding the foregoing Motion for Leave to File Second Amended Complaint. Such counsel consented to the foregoing Motion as well as the proposed amendments.

                                        /s/ *Philip Oliphant*
                                        Philip Oliphant