IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BRADLEY MILLER, KAYLA KILPATRICK** and **BLAKE BUMANN**, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:23-cv-02597-JPG |
| **COUNTY OF ST. CLAIR, ILLINOIS**, | ) ) ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**DEFENDANT'S REPLY TO MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Comes now Defendant, **County of St. Clair, Illinois**, by and through its attorneys, **Becker, Hoerner & Ysursa, P.C.**, and, and for its Reply to Memorandum in Opposition to Defendant's Motion to Dismiss Second Amended Complaint, pursuant to Local Rule 7.1(c), states as follows:

1. On November 22, 2023, Plaintiffs filed their two-count Second Amended Complaint in the above-captioned matter, asserting claims against Defendant relating to alleged unpaid overtime premium pay in violation of the Federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, in Count I and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1 *et seq.*, in Count II. [Doc. 31].

2. On December 6, 2023, Defendant filed its Motion to Dismiss Plaintiffs' Second Amended Complaint or, Alternatively, Motion for More Definite Statement and Memorandum in Support Thereof [Doc. 34].

3. On December 18, 2023, Plaintiffs filed their Memorandum in Opposition to Defendant's Motion to Dismiss Second Amended Complaint ("Plaintiffs' Response") [Doc. 38], the contents of which create the following exceptional circumstances compelling this brief reply.

4. Initially, Plaintiffs' Response mischaracterizes the apparent application of § 207(b)(2) of the FLSA to Count I, and completely ignores the obvious application of § 4a(2)(J) of the IMWL to Count II. Notably, Plaintiffs' Response does not dispute that, as full-time telecommunicators, Plaintiffs are members of a bargaining unit exclusively represented by the Illinois Fraternal Order of Police Labor Council, based upon the following:

- On January 30, 2006, the Illinois Labor Relations Board (ILRB) issued a Certification of Representative in ILRB Case No. S-RC-06-086, specifically certifying the Illinois Fraternal Order of Policy Labor Council as the exclusive representative, for the purpose of collective bargaining with respect to rates of pay, wages, hours of employment, or other conditions of employment, of the bargaining unit including "[a]ll full-time telecommunicators and calltakers employed by the County of St. Clair (CENCOM)." (See Doc. 34, Exhibit A).

- On December 20, 2006, the National Labor Relations Board (NLRB) issued a Certification of Representative as Bona Fide Under Section 7(b) of the Fair Labor Standards Act of 1938, specifically certifying the Illinois Fraternal Order of Police Labor Council as a bona fide representative of the employees of the County of St. Clair (CENCOM) in the unit including "[a]ll full-time telecommunicators and calltakers employed by the County of St. Clair (CENCOM)." (See Doc. 34, Exhibit B).

- During the "three (3) years prior to commencement of this action to the present" as referenced in ¶ 16 of Plaintiffs' Second Amended Complaint, the County of St. Clair and the Illinois Fraternal Order of Police Labor Council were parties to a 2019-2021 Collective Bargaining Agreement (see Doc. 34, Exhibit C) and a 2022-2024 Collective Bargaining Agreement (see Doc. 34, Exhibit D).

Furthermore, Plaintiffs' Response expressly acknowledges Section 4.01 (Work Period) of the Collective Bargaining Agreement, which pertinently provides that "[t]he normal work period for employees covered by this Agreement shall be defined as eighty (80) hours in a fourteen (14) day work period beginning on a Sunday, for those employees working twelve (12) hour shifts" (which is 2,080 hours of employment over fifty-two consecutive weeks), and "[h]ours worked in excess of the above-defined work periods shall be compensated at the premium compensation rate" (meaning overtime pay at one and one-half times the regular rate). Clearly, contrary to

Plaintiffs' Response, Defendant's payment practices based upon an alternate shift schedule comport with § 207(b)(2) of the FLSA as to Count I in that, during a specified period of fifty-two consecutive weeks, Plaintiffs were employed not more than two thousand two hundred and forty hours and not less than one thousand eight hundred and forty-hours (or not less than forty-six weeks at the normal number of hours worked per week, but not less than thirty hours per week) and not more than two thousand and eighty hours of employment for which Plaintiffs received compensation for all hours guaranteed or worked at rates not less than those applicable under the Collective Bargaining Agreement to the work performed, and for all hours in excess of the guaranty which are also in excess of the maximum workweek applicable to such employee under subsection (a) or two thousand and eighty in such period at rates not less than one and one-half times the regular rate at which he is employed;…" 29 U.S.C. § 207(b)(2).  And Defendant's payment practices based upon an alternative shift schedule likewise comport with § 4(a)(2)(J) of the IMWL as to Count II because "[t]he provisions of subsection (1) of this Section are not applicable to…[a]ny employee who is a member of a bargaining unit recognized by the Illinois Labor Relations Board and whose union has contractually agreed to an alternate shift schedule as allowed by subsection (b) of Section 7 of the Fair Labor Standards Act of 1938." 820 ILCS 105/4a(2)(J).  Simply put, in Plaintiffs' own words, Defendant's payment practices based upon an alternative shift schedule remain "in perfect conformity with and fully reflective of the Collective Bargaining Agreement." (See Plaintiffs' Response [Doc. 38], page 11).

5.      Moreover, conspicuously absent from Plaintiffs' Response is any reference to the FLSA pleading requirements described by the U.S. District Court for the Northern District of Illinois in *Carmona v. Professionals, Inc.*, 2016 WL 11701345 (N.D. Ill. 2016).  Indeed, this Court recently explained the notice-pleading requirements of Federal Rule of Civil Procedure 8

as follows: "[a] successful claim tends to explain the who, what, when, where, why and how of each alleged violation." *Karnes v. Bank of Whittington/Whittington Bancorp, Inc.*, 2021 WL 1208900 (S. D. Ill. 2021).

6. Defendant maintains, adopts and incorporates by this reference its Motion to Dismiss Plaintiffs' Second Amended Complaint or, Alternatively, Motion for More Definite Statement and Memorandum in Support Thereof [Doc. 34].

WHEREFORE, Defendant, **County of St. Clair, Illinois**, respectfully request that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), and/or require Plaintiffs to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and order such other relief as this Court deems just and proper.

**BECKER, HOERNER & YSURSA, P.C.**

By: s/ *Garrett P. Hoerner*
    **Garrett P. Hoerner**
    No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
Phone: (618) 235-0020
E-Mail: gph@bhylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRADLEY MILLER, KAYLA KILPATRICK** and **BLAKE BUMANN**, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:23-cv-02597-JPG ) |
| **COUNTY OF ST. CLAIR, ILLINOIS**, | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        **BECKER, HOERNER & YSURSA, P.C.**

                                        By: *s/ Garrett P. Hoerner*
                                               **Garrett P. Hoerner**
                                               No. 06243119

ATTORNEYS FOR DEFENDANT
5111 West Main Street
Belleville, Illinois 62226-4797
Phone: (618) 235-0020
E-Mail: gph@bhylaw.com