IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Bradley Miller, Kayla Kilpatrick, ) <br> and Blake Bumann, ) <br> on behalf of themselves ) <br> and all others similarly situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> County of St. Clair, Illinois, ) <br> ) <br>     Defendant. ) | Civil Action No. 3:23-cv-02597 |

**PLAINTIFFS' MOTION FOR
EXTENSION TO DISCOVERY DEADLINES,
MODIFICATION OF THE SCHEDULING ORDER,
AND REQUEST FOR STATUS CONFERENCE**

    **COME NOW** Plaintiffs Bradley Miller, Kayla Kilpatrick and Blake Bumann (hereinafter collectively referred to as "Plaintiffs"), by and through counsel, and file this Motion for Status Conference and Extensions to the Scheduling Order. In support of this Motion, Plaintiffs rely upon the pleadings on file in this action and shows unto the Court as follows:

### PROCEDURAL HISTORY

    On July 26, 2023, Plaintiffs filed their complaint against Defendant for violations of the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (ECF No. 1.) On July 27, 2023, Plaintiffs filed an amended complaint against Defendant for the same violations of the of the FLSA and additional violations of the overtime wage provisions of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a. (ECF No. 5.)

    On October 20, 2023, Defendant filed its Motion to Dismiss Plaintiff's Amended

Complaint. (ECF No. 25.) To address the concerns raised in Defendant's Motion to Dismiss related to appropriately-identifying the defendant, Plaintiffs filed a Motion for Leave to File Second Amended Complaint on November 17, 2023. (ECF No. 28.) The Court granted Plaintiff's motion on October 20, 2023 and denied the Defendant's original Motion to Dismiss as moot. (ECF No. 29.) Pursuant to the Court's instructions, Plaintiffs filed their Second Amended Complaint on November 22, 2023. (ECF No. 31.) On December 6, 2023, Defendant filed its Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 34.) Plaintiffs filed their Memorandum in Opposition to the Motion to Dismiss on December 18, 2023. (ECF No. 38.) The Court has yet to rule on this Motion.

The parties complied with the Court's Uniform Trial Practices and Procedures entered on October 20, 2023, despite some misgivings. On Friday, November 17, 2023, the parties submitted a Proposed Scheduling Order & Discovery Plan based upon the Court's mandated trial date with deadlines which appeared untenable, given the procedural posture of the case. On November 20, 2023, the Court entered the Scheduling Order & Discovery Plan without amendment. (ECF No. 30.)

## LEGAL ARGUMENT

Rule 6(b) of the Federal Rules of Civil Procedure allows district courts to grant an extension of time prior to the expiration of a deadline for good cause shown. Similarly, Rule 16(b)(4) of the Federal Rules of Civil Procedure permits modification of a scheduling order for good cause and with the judge's consent.

Pursuant to Federal Rules of Civil Procedure, Rule 6(b) and 16(b)(4), Plaintiffs respectfully request extensions to the existing discovery deadlines and modification to the existing Scheduling Order to accommodate the peculiar procedural posture of the matter.

Plaintiffs have good cause for requesting such extensions and modifications, as the deadlines and discovery timeline set forth in the present scheduling order are untenable and potentially prejudicial to Plaintiffs' discovery efforts. Specifically, the current schedule adopted in the Scheduling and Discovery Order requires Plaintiffs to engage in blind written discovery and potentially all of their depositions prior to receiving Defendant's Answer and Affirmative Defenses.

Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure requires parties to make initial disclosures within 14 days of the parties' Rule 26(f) conference. The parties conducted a Rule 26(f) conference on November 15, 2023. (ECF No. 26.) Plaintiffs' Initial Disclosures were produced December 28, 2023, and Defendant's Initial Disclosures were produced today, January 2, 2024. Defendant served Plaintiffs with its discovery requests pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure on December 1, 2023. Plaintiffs have yet to serve any discovery requests upon Defendant because, in the absence of an Answer, Plaintiffs do not currently have any information regarding Defendant's admissions, denials, or defenses to their claims. Plaintiffs hereby requests that this Court issue an Order extending the now-expired and soon-to-expire discovery deadlines set forth in the existing Scheduling Order by at least two months. Plaintiffs also request a Status Conference wherein parties can discuss extending the deadlines in the Scheduling Order & Discovery Plan as well as possibly rescheduling the trial date.

## **CONCLUSION**

Based upon Rule 6(b) and 16(b)(4) of the Federal Civil Procedure for good cause shown, Plaintiffs request that this Court issue an Order extending the now-expired and soon-to-expire discovery deadlines set forth in the existing Scheduling Order by at least two months. This includes the the deadline for the parties' initial discovery requests, and the deadlines for

all parties' depositions. Plaintiffs further request that this Court schedule a Status Conference on this Motion and any extensions to the existing Scheduling Order.

                                    Respectfully submitted,

                                    /s/ *Philip Oliphant*
                                    Philip Oliphant, TN Bar No.025990
                                    THE CRONE LAW FIRM, PLC
                                    88 Union Avenue, Suite 1400
                                    Memphis, TN 38103
                                    800.403.7868 (voice)
                                    901.737.7740 (voice)
                                    901.474.7926 (fax)
                                    poliphant@cronelawfirmplc.com

                                    ***Attorney for Plaintiff- Admitted Pro Hac Vice***

## CERTIFICATE OF CONSULTATION

      Pursuant to Local Rule 7.1(b), I hereby certify that I consulted with Counsel for Defendant, Garrett P. Hoerner, on the contents of this motion, via electronic mail on December 28, 2023, and January 2, 2024. On the 2nd of January, 2024, counsel for Defendant indicated that he did not object to Plaintiff's Motion for Extension of the Scheduling and Discovery Order.

      *s/ Philip Oliphant*
      **Philip Oliphant**