UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY MILLER, KAYLA KILPATRICK, and BLAKE BUMANN,  *on behalf of themselves and all others similarly situated,*<br><br>    Plaintiffs,<br><br>    v.<br><br>ST. CLAIR COUNTY,<br><br>    Defendant. | Case No. 23-cv-2597-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant St. Clair County, Illinois, to reconsider (Doc. 44) the Court's February 20, 2024, order (Doc. 43) declining to grant its motion to dismiss (Doc. 34) certain claims. The plaintiffs have responded to the motion (Doc. 48), and the County has replied (Doc. 50).

The County takes issue with the Court's failure to dismiss claims that the St. Clair County Emergency Management Administration's "Work Week Policy"—paying overtime premiums only for hours worked over eighty hours in a two-week period even where employees worked over forty hours in a one-week period—violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), and § 4a(1) of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. (Count II). It complains that the Court wholly failed to consider one argument it presented in support of dismissal. Because St. Clair County failed to make and properly support its argument in the first place, the Court made no error in failing to address it more thoroughly.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances

such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

In its motion for reconsideration, the County argues that the Court did not consider its argument that § 7(b)(2) of the FLSA provided an alternative work schedule with which the Work Week Policy complied. The Court has reviewed the original briefing on the motion to dismiss and finds that the error was not as much the Court's failing to evaluate an argument as the County's failure to make it.

In the motion to dismiss, the County submitted that its 80-hour workweek over a 14-day period qualified under § 7(b)(1) or (2) of the FLSA. But its argument consisted first of simply quoting the (very wordy) § 7(b) and then leaving it to the Court to conclude, "Voilà, the policy qualifies." Def.'s Mot. Dism. 6-7 (Doc. 34). It stated twice, in a conclusory fashion, that the alternative workweek was in a collective bargaining agreement ("CBA") negotiated by the plaintiffs' certified union representatives, so *ipso facto* § 7(a)(1) of the FLSA did not apply. *Id.* at 8, 14.

2

In its reply brief, the County did no better.  Rather than setting off the text of § 7(b)(2) in block quotes as it did in its motion, it essentially quoted the statute in paragraph form as part of a sentence that again advances a "Voilà, the policy qualifies"-depth argument.  Def.'s Reply 2-3 (Doc. 39).  The County takes the same tack in its motion to for reconsideration, quoting its reply brief virtually word for word, and no more.

The County has not once *explained* how the Work Week Policy complied with either provision of § 7(b), and the Court is "not in the business of formulating arguments for the parties."  *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir 1999).  While the County's counsel may be so well-versed in labor law and wage and hour law that a "Voilà" argument may be persuasive to them, it was not to the Court.  And the Court's refusal to dismiss the § 7(a) claims does not mean that the County is not right; it just means it has not carried its burden on a motion to dismiss of showing that the plaintiffs cannot succeed on their claim.

For these reasons, reconsideration of the Court's February 20, 2024, order (Doc. 43) is not warranted.  The Court did not overlook a well-presented argument and made no manifest error of fact or law based on the briefing before it at the time.  Accordingly, the Court **DENIES** the motion for reconsideration (Doc. 44).

**IT IS SO ORDERED.**
**DATED:  May 9, 2024**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**