UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY MILLER, KAYLA KILPATRICK, and BLAKE BUMANN, *on behalf of themselves and all others similarly situated,*<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ST. CLAIR COUNTY,<br><br>　　　　Defendant. | Case No. 23-cv-2597-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on the motion of plaintiffs Bradley Miller, Kayla Kilpatrick, and Blake Bumann to certify part of this case as a class action pursuant to Federal Rule of Civil Procedure 23 (Doc. 98). Defendant St. Clair County (the "County") has responded to the motion (Doc. 107).

**I.　Procedural History**

　　This case involves County employees who worked as Telecommunicators (commonly known as dispatchers) for the County's Emergency Management Administration. In this case, Miller, Kilpatrick, and Bumann complain of two County policies: (1) the "Break Policy" under which a half-hour was automatically deducted from their work time whether they took their allotted break or not, and (2) the "Work Week Policy" under which they were paid overtime premiums only for hours worked over eighty hours in a two-week period even where employees worked over forty hours in a one-week period. The plaintiffs assert that these policies violated § 207(a)(1) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), and § 4a(1) of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Count II).

The Court dismissed the claim in Count II based on the Break Policy for failure to exhaust available remedies under the applicable collective bargaining agreement (Doc. 43). The Court then conditionally certified a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), as to the Work Week Policy claim in Count I (Doc. 57), and authorized notice to potential collective action members. Twenty-eight current or former employees opted into the collective action and are now plaintiffs in this case.

Miller, Kilpatrick, and Bumann now ask the Court to certify a class of the FLSA opt-in plaintiffs under Federal Rule of Civil Procedure 23 as to the Work Week Policy claim in Count II based on the IMWL. They note that the FLSA and IMWL overtime pay claims are based on the Work Week Policy employ the same legal analysis of the same facts, so the County would not suffer prejudice from any new claim. The County faults the plaintiffs' motion for failing to cite evidence to prove class certification is appropriate. It also argues that the class is not so big that joinder is impracticable and that the plaintiffs are seeking an end-run around the Court's ruling that the limitations period for the FLSA opt-in plaintiffs' claims is not equitably tolled.

## II.      Class Certification

A principal purpose of class certification is to save the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical manner. *See Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 155 (1982). Class certification under Rule 23 has four universal requirements: numerosity, commonality, typicality, and adequacy of representation. *Schroeder v. Progressive Paloverde Ins. Co.*, No. 24-1559, 2025 WL 2083855, at *3 (7th Cir. July 24, 2025). The fifth requirement varies by the type of class sought. *Id.* It is the moving party's burden to demonstrate by a preponderance of the evidence that each of the prerequisites of Rule 23 is satisfied. *Wal-Mart Stores, Inc. v. Dukes*,

564 U.S. 338, 350 (2011).  The Court must rigorously assess whether the prerequisites have been met, *see Falcon*, 457 U.S. at 161, and if the party seeking class certification meets each of them, the Court must certify the proposed class, *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (noting "a categorical rule entitling a plaintiff whose suit meets the specified criteria [of Rule 23] to pursue his claim as a class action").

### III.   Analysis

The Court will deny the plaintiffs' motion for class certification pursuant to Rule 23 because they have not pleaded this action as a class action in the Second Amended Complaint (Doc. 31) (or any earlier pleading) and, even if they had adequately pleaded a class action, they have not established that the proposed class members are so numerous that joinder is not practicable.

This case was not pleaded as a representative action under Rule 23.  Rule 23 cases are treated differently from the outset because of the special nature of the lawsuit and its implications on absent class members' due process rights.  For example, the Court's local rules provide an entirely different case management procedure with scheduling and discovery orders that differ vastly from the normal civil case.  *See* SDIL-LR 23.1(a) ("Proposed class actions pose complex scheduling and discovery issues that are not addressed by the standard 'Joint Report of the Parties and Proposed Scheduling and Discovery Order.'").  Unlike regular civil cases, proposed class actions begin with a scheduling and discovery conference, the required joint report of the parties contains deadlines specific to the class question, and class certification motion briefing deadlines are not governed by SDIL-LR 7.1 (Motions Practice).  In other words, when a plaintiff pleads a class action under Rule 23, the case embarks on a journey vastly different from a normal civil case.  The plaintiffs did not plead this as a Rule 23 class action.

Allowing them to change course now, two years after the case began and months after the deadline for amending pleadings, threatens to create a procedural mess. For this reason, the Court will refuse to certify the plaintiffs' IMWL claim based on the Work Week Policy as a Rule 23 class action.

Even more importantly, the plaintiffs have not established numerosity of the proposed twenty-eight-member class. Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). The twenty-eight putative class members *have already joined* this action as collective action members in the FLSA Work Week Policy claim. The fact that they have already done so is evidence that it is not impracticable for them to do so in another action under the IMWL.

Finally, to the extent the plaintiffs may seek to amend their pleading to allege a class action now—more than two years into the life of the case, months beyond the deadline for amending pleadings, where a summary judgment motion is pending, and where trial is a little more than a month away—it is too late. This case has gone too far on the regular civil case path to convert it now to a Rule 23 class action.

**IV.	Conclusion**

For the foregoing reasons, the Court **DENIES** the plaintiffs' motion for class certification under Rule 23 (Doc. 98).

**IT IS SO ORDERED.**
**DATED:  August 7, 2025**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**