UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY MILLER, KAYLA KILPATRICK, and BLAKE BUMANN,<br>    *on behalf of themselves and all others similarly situated,*<br><br>        Plaintiffs,<br><br>    v.<br><br>ST. CLAIR COUNTY,<br><br>        Defendant. | Case No. 23-cv-2597-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant St. Clair County, Illinois ("County"), for summary judgment on the remaining claims in this case (Doc. 103). The plaintiffs have responded to the motion (Doc. 112). On November 18, 2025, the Court entered a brief order granting in part and denying in part the motion (Doc. 121). This order explains those rulings.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The parties agree on the essential facts of the contested claim.

The plaintiffs are employed as Telecommunicators—dispatchers, in common lingo, who manage 911 calls and responses to them—for the County's Emergency Management Administration ("EMA"), a subdivision of the County. The plaintiffs assert that two specific policies of the EMA violate § 7(a)(1) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 207(a)(1) (Count I), and § 4a(1) of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a(1) (Count II).

## I. Break Policy

The first policy, which the Court will refer to as the "Break Policy," is the automatic deduction of a half-hour from workers' hours to represent a break. However, Telecommunicators are often so busy they do not take a meal break or step away from their stations. Telecommunicators can request a correction when they are unable to take the automatically deducted break. However, the plaintiffs allege that on numerous occasions, the EMA did not correct the automatic deduction. The Court has dismissed the plaintiffs' claim that the Break Policy violates the IMWL. The plaintiffs have not responded to the County's request for summary judgment on the claim that the Break Policy violates the FLSA. In the absence of any evidence before the Court to support such a claim, the Court must grant summary judgment for the County.

## II. Work Week Policy

The second policy, which the Court will refer to as the "Work Week Policy," is paying overtime premiums only for hours worked over eighty hours in a two-week period even where employees worked over forty hours in a one-week period. This arrangement was consistent with a collective bargaining agreement ("CBA") between the County and the Illinois Fraternal Order of Police Labor Council, the certified exclusive bargaining representative for the plaintiffs. The CBA defined a work week for employees working twelve-hour shifts as a fourteen-day period and a normal work schedule as eighty hours within that period. CBA § 4.01. In practice, Telecommunicators working twelve-hour shifts worked forty-six hours in one week and thirty-four hours in the next week, for a total of eighty hours in a two-week period. The EMA paid

time-and-a-half overtime pay only if a Telecommunicator worked beyond eighty hours in the fourteen-day work week but not when they worked beyond forty hours in one of those two weeks.

The plaintiffs claim the Work Week Policy violates § 7(a)(1) of the FLSA, which generally requires an employer to pay one and a half time the normal wage for hours worked over forty hours in one week. The Court conditionally certified a collective action under § 16(b) of the FLSA, 29 U.S.C. § 216(b), comprising:

> All full-time, hourly paid Telecommunicators who are or were employed by defendant St. Clair County in its Emergency Management Agency from May 13, 2021, to the present, who worked twelve (12)-hour shifts, and who were only compensated at one-and-one-half times their regular rate of pay for work performed in excess of 80 hours in a 14-day pay period.

The EMA contends that § 7(b) of the FLSA exempts its work arrangement from § 7(a). The IMWL mirrors the FLSA's requirements and exemptions. 820 ILCS 105/4a(1), 4a(2)(J). Because all parties essentially agree to the relevant facts connected to the Work Week Policy, the question of whether the § 7(b) exemption applies is dispositive of this summary judgment motion.

### III.   Analysis

The Court must start by construing § 7(b) of the FLSA. "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992) (citing *Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991)); *accord Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 738 (7th Cir. 2007). If the "language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case," and "the statutory scheme is coherent and consistent," the inquiry is over. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

> Section 7(b) of the FLSA provides:
>
> No employer shall be deemed to have violated subsection (a) by employing any employee for a workweek in excess of that specified in such subsection without paying the compensation for overtime employment prescribed therein if such employee is so employed—
> * * *
> (2) in pursuance of an agreement, made as a result of collective bargaining by representatives of employees certified as bona fide by the National Labor Relations Board, which provides that during a specified period of fifty-two consecutive weeks the employee shall be employed not more than two thousand two hundred and forty hours *and* shall be guaranteed not less than one thousand eight hundred and forty-hours (or not less than forty-six weeks at the normal number of hours worked per week, but not less than thirty hours per week) and not more than two thousand and eighty hours of employment for which he shall receive compensation for all hours guaranteed or worked at rates not less than those applicable under the agreement to the work performed *and* for all hours in excess of the guaranty which are also in excess of the maximum workweek applicable to such employee under subsection (a) or two thousand and eighty in such period at rates not less than one and one-half times the regular rate at which he is employed. . . .
> * * *
> and if such employee receives compensation for employment in excess of twelve hours in any workday, or for employment in excess of fifty-six hours in any workweek, as the case may be, at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(b) (emphasis added).

The language of the statute is clear. Parsing it leads to the conclusion that work arrangements under a CBA may be exempt from the regular, more-than-forty-hour overtime requirement of § 7(a)(1) if the CBA:

- limits the number of hours worked in a year to 2,240 hours;

- guarantees at least 1,840 hours (or at least 46 weeks at the normal number of hours worked per week, and at least 30 hours per week) and at least 2,080 hours paid at least at the regular rate applicable under the CBA; and

- guarantees time and a half pay for hours over (1) the 1,840-plus hour guarantee and over 40 hours in a week or (2) 2,080 in a year.

The County has not pointed to any portion of the CBA satisfying these three requirements for

4

§ 7(b) to apply.  Nor has it pointed to any reasons not to apply the plain meaning of the statute's words.

For these reasons, the Court cannot say as a matter of law that § 7(b)(2) applies to exempt the County from the overtime requirements of § 7(a)(1).  Accordingly, the County is not entitled to summary judgment on the Work Week Policy claims.  And while it may have been true that one or both of the parties to the CBA *intended* to allow a modified workweek to avoid the § 7(a)(1) overtime requirements, they did not put language in the CBA that would have triggered that modification.

### IV.    Conclusion

The Court therefore:

- **GRANTS in part** and **DENIES in part** the County's motion for summary judgment (Doc. 103);

    - The motion is **GRANTED** to the extent it seeks summary judgment on Count I based on the Break Policy;

    - The motion is **DENIED** to the extent it seeks summary judgment on Counts I and II based on the Work Week Policy;

    and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  December 1, 2025**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**