UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY MILLER, KAYLA KILPATRICK, and BLAKE BUMANN, *on behalf of themselves and all others similarly situated,*<br><br>        Plaintiffs,<br><br>    v.<br><br>ST. CLAIR COUNTY,<br><br>        Defendant. | Case No. 23-cv-2597-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the parties' joint motion to approve a settlement agreement (Doc. 126), which they have submitted to the Court but have not filed. The plaintiffs are employed as Telecommunicators who manage 911 calls for the County's Emergency Management Administration ("EMA"), a subdivision of the County. They are assigned to work eighty hours in a two-week period such that one week they work more than forty hours and one week they work less. Under the Work Week Policy, the County paid overtime premiums only for hours worked over eighty hours in a two-week period even when employees worked over forty hours in a one-week period. The Work Week Policy was consistent with the collective bargaining agreement governing the parties' relationship, but the plaintiffs allege in this case that it violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (Count I) and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1-15 (Count II). The proposed settlement agreement focuses on the Work Week Policy, but its broad release covers other disputes brought in this case.

It is well-established that a party may not bargain away his rights under the FLSA to

certain wage payment rates; this would defeat the statute's purpose of guaranteeing those wage rates. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945). There is the same danger where parties settle claims; the end result may effectively circumvent the FLSA's requirements. For this reason, FLSA cases can only be settled under the supervision of the Secretary of Labor under 29 U.S.C. § 216(c) or by a stipulated judgment after a Court scrutinizes the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982), *cited with approval by Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *see Koch v. Jerry W. Bailey Trucking*, 51 F.4th 748, 752 (7th Cir. 2022); *Gratton v. Cielo, Inc.*, No. 23-CV-1647-BHL, 2024 WL 3594653, at *1 (E.D. Wis. July 31, 2024). Since the Department of Labor is not involved in this case, it can only be settled by a stipulated judgment after Court scrutiny of the proposed settlement. In its review of the proposed settlement, the Court will examine (1) whether the proposed settlement brings resolution to a bona fide dispute as opposed to simply accomplishing a waiver of statutory rights, (2) whether the proposed settlement is a reasonable compromise of the issues in dispute, (3) whether the proposed settlement was obtained fairly and not by overreaching by the defendant, and (4) any other matter relevant to the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1354.

As a preliminary matter, the Court is uncomfortable evaluating a settlement agreement that is not in the record at all. To remedy this, the Court **ORDERS** that, within seven days, the parties file the complete settlement agreement under seal as an exhibit to the pending motion for approval. Whether maintaining the settlement agreement under seal is appropriate is a matter the Court leaves to another day. *See Gratton*, 2024 WL 3594653 at *3.

As for the fee award, to evaluate a fee award in the settlement of an FLSA case, the Court

uses the lodestar method. *Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 753 (7th Cir. 2022). The lodestar method involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Board of Trustees of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court can then adjust the total amount based on various factors specific to the litigation, including but not limited to the experience, reputation and ability of the attorney, the length of her relationship with the client, and the "undesirability" of the case. *Mathur*, 317 F.3d at 742 & n. 1.

The documents submitted in support of the fee award requested by the plaintiffs' attorneys are not detailed enough to assess whether any adjustments are warranted under the lodestar adjustment factors. The Court therefore **RESERVES RULING** on the motion for approval of settlement and will set a telephone status conference by separate order to inquire further into the attorney's fee award

**IT IS SO ORDERED.**
**DATED:  February 17, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**