UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRADLEY MILLER, KAYLA KILPATRICK, and BLAKE BUMANN, *on behalf of themselves and all others similarly situated,*<br><br>    Plaintiffs,<br><br>v.<br><br>ST. CLAIR COUNTY,<br><br>    Defendant. | Case No. 23-cv-2597-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the parties' joint motion to approve a settlement agreement (Doc. 126), which they have filed under seal.  The plaintiffs are employed as Telecommunicators who manage 911 calls for St. Clair County's Emergency Management Administration ("EMA"), a subdivision of the County.  They are assigned to work eighty hours in a two-week period such that one week they work more than forty hours and one week they work less.  Under the Work Week Policy, the County paid overtime premiums only for hours worked over eighty hours in a two-week period even where employees worked over forty hours in a one-week period.  The Work Week Policy was consistent with the collective bargaining agreement governing the parties' relationship, but the plaintiffs allege in this case that it violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 (Count I) and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1-15 (Count II).  The proposed settlement agreement focuses on the Work Week Policy, but its broad release covers other disputes brought in this case.

It is well-established that a party may not bargain away his rights under the FLSA to

certain wage payment rates; this would defeat the statute's purpose of guaranteeing those wage rates. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945). There is the same danger where parties settle claims; the end result may effectively circumvent the FLSA's requirements. For this reason, FLSA cases can only be settled with the approval of the Secretary of the Department of Labor under 29 U.S.C. § 216(c) or by a stipulated judgment after a Court scrutinizes the proposed settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982), *cited with approval by Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *see Koch v. Jerry W. Bailey Trucking*, 51 F.4th 748, 752 (7th Cir. 2022); *Gratton v. Cielo, Inc.*, No. 23-CV-1647-BHL, 2024 WL 3594653, at *1 (E.D. Wis. July 31, 2024). Since the Department of Labor is not involved in this case, it can only be settled after the Court scrutinizes the proposed settlement. In its review of the proposed settlement, the Court will examine (1) whether the proposed settlement brings resolution to a bona fide dispute as opposed to simply accomplishing a waiver of statutory rights, (2) whether the proposed settlement is a reasonable compromise of the issues in dispute, (3) whether the proposed settlement was obtained fairly and not by overreaching by the defendant, and (4) any other matter relevant to the fairness of the settlement. *See Lynn's Food*, 679 F.2d at 1354.

      Considering all the factors, the Court finds the settlement is fair. There is a bona fide dispute between the parties about how to implement the FLSA and the IMWL for workers not assigned to a traditional 40-hour work week. The Court further believes this settlement is a reasonable resolution of the issues in dispute. Factors weighing in favor of reasonableness include that the settlement obtains all of the wages the plaintiffs claim based on the Work Week Policy, although it does not include an award of liquidated damages. It also strikes the Court that

underpayment of overtime wages was not in bad faith but instead was consistent with the defendant's honest belief about the proper way to calculated overtime pay.  Additionally, the defendants began to pay overtime based on a 40-hour work week very soon after this lawsuit was filed.  All parties were represented by experienced counsel who appear to have negotiated this settlement at arm's length and in good faith.  For these reasons, the Court approves the amount negotiated to compensate the collective action members as well as the named plaintiffs.

Additionally, the Court approves the amount of attorney's fees claimed.  To evaluate a fee award in the settlement of an FLSA case, the Court uses the lodestar method.  *Koch*, 51 F.4th at 753.  The lodestar method involves "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate."  *Mathur v. Board of Trustees of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The Court can then adjust the total amount based on various factors specific to the litigation, including but not limited to the experience, reputation and ability of the attorney, the length of her relationship with the client, and the "undesirability" of the case.  *Mathur*, 317 F.3d at 742 & n. 1.

The Court has reviewed the itemized billing summary recently filed by the plaintiffs and finds that the amount requested—$80,000—is reasonable.  Although the award is more than twice the total amount awarded to the plaintiffs, the Court believes it is important to well compensate attorneys who work to vindicate workers' rights to appropriate, lawful wages.  The Court notes that the County, which will end up footing the bill, has approved the attorney's fees award.  The Court is further mindful that the plaintiffs had no success challenging the Break Policy, but the huge cut in the approximate lodestar total ($125,000) to $80,000 fairly compensates the plaintiffs' counsel for their limited success.  Finally, the affidavit of a local

counsel practicing in the same field supports the reasonableness of the hourly rate charged.  For these reasons, the Court will approve the attorney's fees sought in the motion.

In sum, the Court **GRANTS** the motion for approval of the Settlement Agreement (Doc. 129), **APPROVES** the proposed settlement agreement (Doc. 129), and **DIRECTS** the Clerk of Court to enter judgment of dismissal of this case.

**IT IS SO ORDERED.**
**DATED:  March 6, 2026**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**